IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| SONJA WOODS, individually and as personal representative of the ESTATE OF CATHERINE WOODS; and WILLIAM WOODS, individually,<br><br>Plaintiffs,<br><br>-v-<br><br>STEADMAN'S HARDWARE, INC., and STATE OF MONTANA by and through the MONTANA STATE HOSPITAL, a state mental health facility,<br><br>Defendants. | CV 12-33-H-CCL<br><br><br><br><br><br><br><br>ORDER |

*******

Before the Court is Plaintiffs' Motion to Remand (ECF No. 72) this case to Montana's First Judicial District Court, Lewis and Clark County, Montana. The subject of the remand motion is Plaintiffs' Complaint against Defendant

Steadman's Hardware, Inc. ("Steadman's" or "Steadman") for negligent entrustment and negligence per se in its sale of a firearm to Justin Schiller. The firearm was used by Schiller to shoot Catherine Woods, daughter of Plaintiffs Sonja and William Woods; Schiller committed suicide shortly thereafter. The Motion to Remand is opposed by Defendant Steadman's Hardware. No opposition to the Motion for Remand has been filed by Defendant State of Montana, which was previously dismissed without entry of judgment by the state district court.

Background

In this case, Plaintiffs allege that an employee of Steadman's Hardware, Inc., of Miles City, Montana, sold a firearm[1] to Schiller in July, 2008, knowing that Schiller had six weeks earlier been committed involuntarily to Montana State

---

[1] Schiller purchased an FN Herstal Five-Seven semi-automatic handgun and polycarbonate-tipped ammunition.

Hospital by a state district court.[2] Plaintiffs allege that Schiller admitted the fact of his involuntary commitment on a Form 4473, but a Steadman's employee informed Schiller that he could not purchase a firearm under that circumstance. Plaintiffs alleges that this employee then suggested that Schiller fill out another Form 4473 but refrain from disclosing the involuntary commitment, and further that Schiller did as directed in order to complete the purchase of the firearm. Four months later Schiller used the firearm to shoot Catherine Woods, whom he had allegedly been harassing because she had terminated a brief relationship with him.

The Woods originally filed suit in state district court in June, 2010. In all versions of the complaint, as amended, Plaintiffs asserted only state law claims. Jury trial was scheduled for May, 2012. In the weeks prior to the jury trial, the state district court denied Steadman's motion to dismiss and granted the State of Montana's motion for summary judgment. Three weeks before the jury trial, on April 16, 2012, Steadman's filed a notice of removal to this federal district court,

---

[2] Plaintiffs' brief states that Steadman's employee was a former co-worker of Schiller's. (ECF No. 3 at 3.)

claiming that the case had become removable based on the district court's order dated April 10, 2012, which purportedly provided subject matter jurisdiction under the federal question statute, 28 U.S.C. §§ 1331.

Legal Standard for Remand

The statutory basis for remand is 28 U.S.C. § 1447, which provides:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The removing party bears the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). All defendants must consent to removal. *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900). The court should presume that remand is proper unless proven otherwise, and therefore uncertainties are resolved in favor of remand. *See, Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Discussion

The Court concludes that this case should be remanded back to state district court because all of Plaintiffs' claims are state law claims, and there is no diversity of citizenship between the parties. The Defendant's argument that the state district court has recognized this case as arising under the Protection of Legal Commerce in Arms Act ("PLCAA") is flawed.[3] The state district court's statement in an order *in limine*, relied upon by Defendant to make this argument, is taken out of context by Defendant. The state court did not announce that Plaintiffs' claims were federal claims under the PLCAA. It is clear that the PLCAA does not and cannot provide any cause of action to Plaintiffs.

Defendant Steadman early understood that it could defend this case by resort to the PLCAA, which precludes common law theories of recovery against firearms manufacturers and dealers for crimes committed against third parties,[4]

---

[3] Protection of Lawful Commerce in Arms Act (PLCAA), 15 U.S.C. § 7901-7903, Pub.L. No. 109-92, 119 Stat. 2095 (2005).

[4] "A qualified civil liability action may not be brought in any Federal or State court." 15 U.S.C. § 7902(a).

because it cited the PLCAA as its second affirmative defense in its answer to the complaint. (ECF No. 1-2 at 26.) Defendant Steadman's notes that it also filed a motion to dismiss asserting its PLCAA defense in the state district court case. The state district court granted the motion to dismiss some claims (a public nuisance claim and a negligent marketing and distribution claim (the latter of which was actually conceded by Plaintiffs)) on the basis of a preemption by the PLCAA, but the state district court noted that all other claims fell within PLCAA predicate exceptions. (ECF No. 3 at 5, ECF No. 3-3 at 10.) The PLCAA provides certain exceptions for state claims of negligent entrustment, negligence per se, and any case involving a knowing sale to a prohibited person.[5] The order on the motion to

---

"The term 'qualified civil liability action' means a civil action . . . brought by any person against a manufacturer or seller of a qualified product, . . . for damages, . . . or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party. . . ." 15 U.S.C. §7903(5).

[5] "The term 'qualified civil liability action' . . . <u>shall not include</u>–
(ii) an action brought against a seller for negligent entrustment or negligence per se;
(iii) an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief

dismiss was filed more than thirty days before the removal notice, however, and thus cannot be a basis for removal. 28 U.S.C. § 1446(b)(3).

Defendant does acknowledge, and correctly so, that a reliance upon a federal statute for a defense is not a proper ground for removal. (ECF No. 1 at 3, ¶2; *see Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149 (1908) (establishing the well-pleaded complaint rule to define when a suit "arises under' the Constitution and laws of the United States).) Defendant nevertheless asserts

---

is sought, including–
        (I) any case in which the manufacturer or seller knowingly made any false entry in, or failed to make appropriate entry in, any record required to be kept under Federal or State law with respect to the qualified product, or aided, abetted, or conspired with any person in making any false or fictitious oral or written statement with respect to any fact material to the lawfulness of the sale or other disposition of a qualified product;
        (II) any case in which the manufacturer aided, abetted, or conspired with any other person to sell or otherwise dispose of a qualified product, knowing, or having reasonable cause to believe, that the actual buyer of the qualified product was prohibited from possessing or receiving a firearm or ammunition under subsection (g) or (n) of section 922 of title 18, United States Code;"
  15 U.S.C. § 7903(5)(ii)-(iii)(emphasis added).
  Federal law prohibits sales of firearms to an individual "who has been committed to a mental institution." 18 U.S.C. § 922(g)(4).

that when the state court issued the *in limine* order that makes the statement that "all recovery must be based on the statutory provisions of the PLCAA," the case immediately became removable to federal court. (ECF No. 1 at 4.) The removal notice was filed within the requisite 30-day window following this *in limine* order. 28 U.S.C. § 1446(b)(3).

However, examination of the state district court's *in limine* order does not support Defendant's argument. The state court did not discover a federal cause of action, nor was it trying to do so. Instead, the state district court ruled primarily that Plaintiffs' expert (a 30-year veteran of the Bureau of Alcohol, Tobacco, Firearms and Explosives)) would *not* be permitted to testify regarding an allegation that a Steadman's employee advised Schiller to tear up his first Form 4473. The court also ruled that Plaintiffs' expert could testify as to the nature of the gun and ammunition sold by Steadman's and proper training and conduct of gun dealers:

> As long as these expert inquiries relate to the allowable causes of
> action mentioned by this Court above [negligence *per se* in violation
> of a statute and negligent entrustment], the Court sees no particular

> problem with those inquiries. The Court will not allow the expert's testimony to impose any duty on Steadman's outside the PLCAA. However, his comments as to the training of Steadman's employees and the exotic nature of the handgun may relate to allowable causes of action.
>
> \*\*\*
>
> Thus, as long as the expert stays out of the hearsay dispute that will have to be decided by this Court and the questions put to him illuminate the allowable theories of liability existing under the PLCAA, the Court feels there is no reason to strike his expert summary or prohibit him from testifying.

(ECF No. 1-2 at 47, Woods v. Steadman's Hardware, BDV-2009-58, (Mont. 1st Jud. Dist. April 10, 2012).) These rulings are not relevant to the remand question before this Court, but that is precisely the point, because the *in limine* order was essentially an evidentiary ruling and not a decision that interpreted Plaintiffs' state law claims to be claims arising under federal law.

PLCAA

The Protection of Lawful Commerce in Arms Act (PLCAA), 15 U.S.C. § 7901-7903, Pub.L. No. 109-92, 119 Stat. 2095 (2005), was enacted by Congress to protect federally licensed manufacturers and sellers from civil liability asserted

9

by the victims of crimes in the form of common law claims. However, the PLCAA lists multiple 'predicate exceptions' which may nevertheless proceed in either state or federal court, freed of the otherwise blanket prohibition established by the PLCAA. Significantly, the PLCAA does not provide subject matter jurisdiction for any cause of action whatsoever. Instead, the PLCAA only serves as a shield against a class of claims brought against manufacturers and sellers: "A qualified civil liability action may not be brought in any Federal or State court." 15 U.S.C. § 7902(a). The PLCAA explicitly prevents its own use as a jurisdictional hook: "[N]o provision of this Act shall be construed to create a public or private cause of action or remedy." 15 U.S.C. § 7903(5)(C). In other words, any cause of action must arise from a law other than the PLCAA, which itself only serves to prohibit some--but not all--causes of action against federally licensed manufacturers and sellers of firearms.

The state district court demonstrated its familiarity with the PLCAA and its willingness to apply that federal law to the state court case by dismissing some claims pursuant to the PLCAA. The remaining claims were deemed by the state

court to fall within the PLCAA predicate exceptions. The sentence that Defendant relied upon to remove this case to federal court ("all recovery must be based on the statutory provisions of the PLCAA"), *see* ECF No. 1 at 4, ¶ 6, does not mean what Defendant says it means. Defendant says that this means that the state district court judge decided that Plaintiffs' claims were founded upon the PLCAA, jurisdictionally speaking. A fair reading of the district court's Order, however, shows that reading to be erroneous.

The state district court noted that Plaintiffs had three causes of action remaining--negligence, negligence *per se*, and negligent entrustment--but that a negligence claim would not be allowable under the PLCAA, citing *Ileto v. Glock, Inc.*, 565 F.3d 1126 (9th Cir. 2009):

> What we glean from *Ileto* and reviewing the PLCAA is that Plaintiffs' causes of action in this case cannot be based on general common law theories of negligence. Rather, all recovery must be based on the statutory provisions of the PLCAA.

(ECF No. 1-2 at 43, <u>Woods v. Steadman's Hardware</u>, BDV-2009-58, (Mont. 1st Jud. Dist. April 10, 2012.) Obviously, a fair reading of this statement in the full

context of the Order requires the reader to understand that Plaintiff's state law claims must fall into one of the predicate exceptions listed by the PLCAA (*i.e.,* pass the PLCAA filter) before they can go forward in state court. In fact, the state district court concluded that Plaintiffs' negligence *per se* and negligent entrustment claims did, in fact, fall into a predicate exception and should go forward. While there may not be a loose informality in discussing the PLCAA and the predicate exceptions, such as Plaintiffs' prior assertion that the PLCAA was violated when the Steadman's employee allegedly advised Schiller to make false entries on a Form 4473, the important conclusion remains that the PLCAA provides no cause of action.

Furthermore, the PLCAA merely acknowledges as predicate exceptions certain factual circumstances as giving rise to permissible common law claims, circumstances that obviously constitute federal crimes. For example, it is a federal crime to sell a firearm to any person when the seller knows that the buyer has been committed to any mental institution. 18 U.S.C. § 922(d)(4). It is a federal crime to aid and abet a person who has been committed to a mental institution in the

receipt or possession of a firearm or ammunition. *See* 18 U.S.C. § 922(g)(4). It is a federal crime for a licensed dealer "to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 ["Licensing"] of this chapter or regulations promulgated thereunder." *See* 18 U.S.C. § 922(m). The significant point is that the criminal acts described above are not violations of the PLCAA but of the federal firearms laws, as noted. The more significant point is that a state law claim for negligence based on a *per se* violation of state or federal law is still a state law negligence claim--and not a violation of the PLCAA. The most significant point is that the PLCAA treats such a state law claim (negligence *per se*) as an exceptional sort of claim that can go forward in either state or federal court.

     Whether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In *Merrell Dow Pharmaceuticals*, the case was removed to federal court on the ground that

13

the state court products liability action alleged that the drug Benedectin was misbranded in violation of the Federal Food, Drug, and Cosmetic Act and that the violation of the federal statute caused the injuries suffered by the infant plaintiffs. *Id.* at 805-06, 106 S.Ct. 3229. The Supreme Court rejected that removal as being improper, noting that the vast majority of cases arising under federal law "are those in which federal law creates the cause of action." *Id.* A mere construction or interpretation of federal law does not automatically confer federal-question jurisdiction. *Id.* at 813. Similarly, the negligence claims in this case, like the products liability claims in *Merrell Dow*, are subjects traditionally relegated to state law. There can be no doubt that no federal cause of action arises under the PLCAA. Thus, mere reference to a federal law within a state court case does not and should not provide subject matter jurisdiction in federal court. *See Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994). Given an absence of diversity jurisdiction, as is the circumstance of this case, such state law claims should be adjudicated in a state court pursuant to the well-pleaded complaint rule.

The Court agrees with Plaintiffs that an award of fees and costs is

appropriate. 28 U.S.C. § 1447(c) ("just costs, actual expenses, including attorneys fees, incurred as a result of the removal."). This appears to be one of those infrequent cases wherein the removing party lacked an objectively reasonable basis for seeking removal, thus requiring a reimbursement for unnecessary litigation costs incurred by the opposing party. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446-47 (9th Cir. 1992). Steadman's proffered reasons for removal are not reasonable (particularly in its tortured reading of the state court's *in limine* order).

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (ECF No. 2) is GRANTED. This matter is REMANDED to the Montana First Judicial District Court, Lewis and Clark County, Montana.

IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees and costs (ECF No. 2) is GRANTED. In the event that Defendant challenges Plaintiffs' specific payment request, Plaintiffs' counsel may file a motion for attorneys' fees supported by an itemized request for costs and fees pursuant to 28

U.S.C. § 1447(c).

The Clerk is directed forthwith to notify counsel and to mail a certified copy of this Order to the Clerk of the Montana First Judicial District Court, Lewis and Clark County, Montana.

Done and dated this 26th day of February, 2013.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE